10964

HOWARD v. UNION BUFFALO MILLS CO.

(115 S. E., 899)

RELEASE—WHERE MONEY PAID FOR RELEASE WAS DUE PLAINTIFF FOR WAGES, TENDER BACK UNNECESSARY BEFORE CONTESTING VALIDITY.— If amount received by injured servant for a release was due for back wages, and he thought it was paid in satisfaction thereof, right to contest the validity of the release as fraudulent did not depend on restoration of the consideration.

Before WILSON, J., Union, December 1921. Affirmed.

Action by J. H. Howard against Union Buffalo Mills Co. Judgment for plaintiff and defendant appeals.

*Messrs. Elliott & McLain* and *J. Gordon Hughes*, for appellant, cite: *To attack a release for fraud the consideration must be tendered back:* 56 S. C., 508; 113 S. C., 399; 97 S. C., 34.

*Messrs. S. E. Barron*, and *Macbeth Young*, for respondent, cite: *Reply not subject to demurrer:* Code Proc. 1912, Secs. 194, 195; 70 S. C., 780; 79 S. C., 271. *Nonsuit properly refused:* 110 S. C., 315; 67 S. C., 129. Case similar to 84 S. C., 275.

July 6, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for personal injury. The plaintiff was working for the defendant as a laborer. The plaintiff was cutting wood with a woodcutting machine, when his hand was injured by the machine. This action was brought for damages.

The defendant set up a release for which it paid $30. The plaintiff, in his reply, pleaded fraud in the execution of the release; that the defendant owed him $30 for back pay, and when he took the $30 he thought, and was told, that he was receiving his back pay; that the plaintiff cannot read, and the release was fraudulent. The defendant demurred to the reply, on the ground that the reply did not allege that the $30 had been returned or tendered to the defendant. The demurrer was overruled. The defendant moved for a nonsuit on the same ground. This was refused. The defendant appealed. There was evidence that, at the time the release was filed, the defendant owed to the plaintiff $32. If that was true, then the plaintiff was not bound to return the money paid him for wages. Of course, if the defendant did not owe the plaintiff any back wages, and the money was paid for the release, then the defendant's law applies, and the plaintiff is barred from

a recovery, unless he return or offer to return the money so received and successfully attack the release. That question properly carried the case to the jury and saved the reply.

The judgment is affirmed.